UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| CHADWICK MCQUEEN AND THE TERRY MCQUEEN TESTAMENTARY TRUST , | : | 08 Civ. 3019 (LTS)(RLE) |
| | : | |
| Plaintiffs, | : | ANSWER |
| | : | |
| - against - | : | |
| | : | |
| CLOTHING COMPANY S.P.A., BELSTAFF USA CORP. AND BELSTAFF INTERNATIONAL LTD. | : | |
| | : | |
| Defendants. | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Defendant Belstaff USA Corp. ("Belstaff"), by its attorneys, Pavia & Harcourt

LLP, respectfully answers the Complaint as follows:

1.        Denies the allegations of paragraph 1, except that to the extent that

paragraph 1 seeks to summarize the causes of action alleged in the Complaint, Belstaff

respectfully refers to the Complaint for its contents.

2.        Lacks knowledge or information sufficient to form a belief as to the truth

of the allegations of paragraph 2, and on that basis denies such allegations.

3.        Denies the allegation of paragraph 3.

4.        Denies the allegations of paragraph 4, except admits that plaintiffs served

a cease and desist demand.

5.        Denies the allegations of paragraph 5.

6.        Lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 6, and on that basis denies such allegation.

7.        Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and on that basis denies such allegations.

8.        Denies the allegations of paragraph 8, except admits that, upon information and belief, Clothing Company has managed the production and sale of Belstaff brand products.

9.        Admits the allegations of paragraph 9.

10.        Denies the allegations of paragraph 10, except admits that, upon information and belief, Clothing Company designs, manufactures, distributes, markets, advertises and sells for distribution in the United States and internationally clothing products under the brand name "Belstaff," including jackets, coats, sweaters, T-shirts, pants, and shoes and that Belstaff maintains a showroom in New York City.

11.        Denies the allegations of paragraph 11, except that to the extent that they assert a legal conclusion, no response is required, and admits that plaintiffs purport to base jurisdiction on the grounds stated therein.

12.        Denies the allegations of paragraph 12, except that to the extent that they assert a legal conclusion, no response is required, and admits that plaintiffs purport to base venue on the grounds stated therein.

13.        Denies the allegations of paragraph 13, except that to the extent that they assert a legal conclusion, no response is required, and admits that plaintiffs purport to personal jurisdiction on the grounds stated therein.

14.        Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, and on that basis denies such allegations.

15.        Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, and on that basis denies such allegations.

16.        Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and on that basis denies such allegations.

17.        Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, and on that basis denies such allegations.

18.        Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, and on that basis denies such allegations, except that to the extent paragraph 18 asserts a legal conclusion, no response is required.

19.        Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, and on that basis denies such allegations.

20.        Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and on that basis denies such allegations.

21.      Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, and on that basis denies such allegations.

22.      Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22, and on that basis denies such allegations.

23.      Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23, and on that basis denies such allegations.

24.      Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24, and on that basis denies such allegations.

25.      Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25, and on that basis denies such allegations.

26.      Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26, and on that basis denies such allegations, except admits, upon information and belief, that plaintiffs filed an application on May 29, 2007 to register the mark STEVE MCQUEEN with the U.S. Patent and Trademark Office in International Class 025.

27.      Denies the allegations of paragraph 27, except admits that Michele Malenotti contacted a representative of Corbis to discuss possible uses of Steve McQueen's name and likeness, and that such discussions did not result in any executed agreement.

28.      Denies the allegations of paragraph 28.

29.        Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29, and on that basis denies such allegations.

30.        Admits the allegations of paragraph 30.

31.        Denies the allegations of paragraph 31, but to the extent that the allegations of paragraph 31 attempt to summarize a letter sent by Corbis to Belstaff and Belstaff International Ltd. on or about October 30, 2007, Belstaff refers to that letter for its contents.

32.        Denies the allegations of paragraph 32, but to the extent that the allegations of paragraph 32 attempt to summarize or quote from a letter sent by Pavia & Harcourt to Corbis on November 30, 2007, Belstaff refers to that letter for its contents.

33.        Denies the allegations of paragraph 33, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 regarding the allegations of what came to Corbis' attention, and on that basis denies such allegations.

34.        Denies the allegations of paragraph 34.

35.        Denies the allegations of paragraph 35.

36.        Denies the allegations of paragraph 36.

37.        Denies the allegations of paragraph 37 except to the extent that the allegations of paragraph 37 attempt to summarize or quote from the website located at

http://www.belstaff.com as it appeared in January 2008, Belstaff respectfully refers to that website for its contents.

38.          Denies the allegations of paragraph 38, except that to the extent that paragraph 38 attempts to summarize or quote from the website located at http://www.belstaff.com as it appeared in January 2008, Belstaff respectfully refers to that website for its contents.

39.          Denies the allegations of paragraph 39, except admits that Belstaff was not licensed or otherwise authorized by plaintiffs in connection with the intellectual property of the trust.

40.          Denies the allegations of paragraph 40.

41.          Denies the allegations of paragraph 41, except admits that a phone conversation occurred on or about January 11, 2008, and counsel for Clothing Company wrote to Corbis on January 16, 2008, and to the extent that the Complaint seeks to quote or summarize from that letter, Belstaff respectfully refers to the January 16, 2008 letter for its contents.

42.          Denies the allegations of paragraph 42, except admits that on January 17, 2008 plaintiffs' attorney wrote to Pavia & Harcourt LLP, and to the extent that the Complaint seeks to summarize that letter, Belstaff respectfully refers to the January 17 letter for its contents.

43.        Denies the allegations of paragraph 43, except admits that on January 24, 2008 Pavia & Harcourt LLP wrote to Plaintiff's counsel, and to the extent that the Complaint seeks to quote from or summarize that letter, Belstaff respectfully refers to the January 24 letter for its contents.

44.        Denies the allegations of paragraph 44.

45.        Denies the allegations of paragraph 45.

46.        Denies the allegations of paragraph 46.

47.        Denies the allegations of paragraph 47.

48.        Denies the allegations of paragraph 48 except admits that on March 12, 2008 Clothing Company filed a Notice of Opposition to dispute Plaintiffs' application. To the extent that paragraph 48 seeks to summarize or quote from the Notice of Opposition which is attached to the Complaint as Exhibit B, Belstaff respectfully refers to that document for its contents.

49.        Denies the allegations of paragraph 49.

50.        Belstaff hereby realleges and incorporates by references its responses to the allegations in paragraphs 1 through 49 of the Complaint.

51.        Denies the allegations of paragraph 51.

52.        Denies the allegations of paragraph 52.

53.        Denies the allegations of paragraph 53, except to the extent that paragraph 53 asserts a legal conclusion, no response is required.

54.        Denies the allegations of paragraph 54.

55.        Denies the allegations of paragraph 55.

56.        Denies the allegations of paragraph 56.

57.        Belstaff hereby realleges and incorporates by references its responses to the allegations in paragraphs 1 through 56 of the Complaint.

58.        Denies the allegations of paragraph 58, except to the extent that paragraph 58 asserts a legal conclusion, no response is required.

59.        Denies the allegations of paragraph 59, except to the extent that paragraph 59 asserts a legal conclusion, no response is required.

60.        Denies the allegations of paragraph 60.

61.        Denies the allegations of paragraph 61, except to the extent that paragraph 61 asserts a legal conclusion, no response is required.

62.        Denies the allegations of paragraph 62.

63.        Belstaff hereby realleges and incorporates by references its responses to the allegations in paragraphs 1 through 62 of the Complaint.

64.        Denies the allegations of paragraph 64, except to the extent that paragraph 64 asserts a legal conclusion, no response is required.

65.        Denies the allegations of paragraph 65.

66.        Denies the allegations of paragraph 66.

67.        Denies the allegations of paragraph 67.

68.        Denies the allegations of paragraph 68.

69.        Belstaff hereby realleges and incorporates by references its responses to the allegations in paragraphs 1 through 68 of the Complaint.

70.        Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70, and on that basis denies such allegations.

71.        Denies the allegations of paragraph 71.

72.        Denies the allegations of paragraph 72.

73.        Denies the allegations of paragraph 73, except to the extent that paragraph 73 asserts a legal conclusion, no response is required.

74.        Denies the allegations of paragraph 74, except to the extent that paragraph 74 asserts a legal conclusion, no response is required.

75.        Denies the allegations of paragraph 75, except to the extent that paragraph 75 asserts a legal conclusion, no response is required.

76.        Denies the allegations of paragraph 76, except to the extent that paragraph 76 asserts a legal conclusion, no response is required, and lacks knowledge or information sufficient to form a belief as to the truth of the allegation concerning Steve McQueen's domicile at the time of his death.

77.        Denies the allegations of paragraph 77.

78.        Belstaff hereby realleges and incorporates by references its responses to the allegations in paragraphs 1 through 77 of the Complaint.

79.        Denies the allegations of paragraph 79, except to the extent that paragraph 79 asserts a legal conclusion, no response is required.

80.        Denies the allegations of paragraph 80.

81.        Belstaff hereby realleges and incorporates by references its responses to the allegations in paragraphs 1 through 80 of the Complaint.

82.        Denies the allegations of paragraph 82, except to the extent that paragraph 82 asserts a legal conclusion, no response is required.

83.        Denies the allegations of paragraph 83.

84.        Belstaff hereby realleges and incorporates by references its responses to the allegations in paragraphs 1 through 83 of the Complaint.

85.        Denies the allegations of paragraph 85.

86.        Denies the allegations of paragraph 86, except to the extent that paragraph 86 asserts a legal conclusion, no response is required.

87.        Denies the allegations of paragraph 87.

88.        Belstaff hereby realleges and incorporates by references its responses to the allegations in paragraphs 1 through 87 of the Complaint.

89.        Denies the allegations of paragraph 89.

90.        Denies the allegations of paragraph 90, except to the extent that paragraph 90 asserts a legal conclusion, no response is required.

91.        Denies the allegations of paragraph 91.

92.        The Belstaff hereby realleges and incorporates by references its responses to the allegations in paragraphs 1 through 91 of the Complaint.

93.        Denies the allegations of paragraph 93.

94.        Denies the allegations of paragraph 94, except to the extent that paragraph 94 asserts a legal conclusion, no response is required.

95.        Denies the allegations of paragraph 95.

96.        Denies the allegations of paragraph 96.

97.        Belstaff hereby realleges and incorporates by references its responses to the allegations in paragraphs 1 through 96 of the Complaint.

98.          Denies the allegations of paragraph 98.

99.          Denies the allegations of paragraph 99, except to the extent that paragraph 99 asserts a legal conclusion, no response is required.

100.         Denies the allegations of paragraph 100.

101.         Denies the allegations of paragraph 101.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

102.         The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

103.         The Complaint should be dismissed on the grounds of waiver, laches and estoppel.

### THIRD AFFIRMATIVE DEFENSE

104.         The Complaint should be dismissed due to the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

105.         The Complaint should be dismissed on the grounds of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

106.        The Complaint should be dismissed on the grounds that Belstaff's conduct

is protected by the First Amendment to the United States Constitution.

### SIXTH AFFIRMATIVE DEFENSE

107.        Plaintiffs' claims alleging dilution are barred because Plaintiff's alleged

mark is not famous.

### SEVENTH AFFIRMATIVE DEFENSE

108.        Plaintiffs' claims are barred, in whole or in part, because Plaintiffs'

alleged trademarks have not suffered actual dilution.

### EIGHTH AFFIRMATIVE DEFENSE

109.        To the extent that the Court finds that any infringement of Plaintiffs'

alleged trademarks occurred, any such infringement on the part of the defendant was

innocent.

### NINTH AFFIRMATIVE DEFENSE

110.        The Complaint should be dismissed on the ground that the alleged

registered trademark is invalid and/or has been abandoned.

### TENTH AFFIRMATIVE DEFENSE

111.        The Complaint should be dismissed because the use by Belstaff of any

alleged McQueen related trademarks, if any, is a nominative fair use.

## ELEVENTH AFFIRMATIVE DEFENSE

112.      Plaintiffs' claims based upon state law or common law are preempted by

federal law.

## TWELTH AFFIRMATIVE DEFENSE

113.      Plaintiffs have failed to mitigate their damages and protect themselves

from avoidable consequences.

## THIRTEENTH AFFIRMATIVE DEFENSE

114.      The use by Belstaff of any alleged McQueen related trademarks, if any, is

fair use including, but not limited to, under 15 U.S.C. § 1125(c).

## RESERVATION OF DEFENSES

115.      Defendant reserves the right to assert additional defenses, whether

affirmative or otherwise, about which it presently lacks knowledge or information but

which may become available to it during the course of this litigation.

**WHEREFORE**, Defendant Belstaff respectfully requests the following:

a.   The Complaint be dismissed with prejudice.

b.   Belstaff be awarded its costs and expenses, including its reasonable
     attorneys' fees incurred in the defense of this action.

c.  Such other and further relief as this Court deems just and proper.

Dated: New York, New York
       April 15, 2007

PAVIA & HARCOURT LLP

By: _____
    Adam D. Mitzner (AM-8325)
    Jonathan A. Selva (JS-2006)

600 Madison Avenue, 12th Floor
New York, New York 10022
Tel: (212) 980-3500
Fax: (212) 980-9515
amitzner@pavialaw.com
jselva@pavialaw.com

Attorneys for Defendant
BELSTAFF USA CORP