UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHADWICK MCQUEEN and THE TERRY MCQUEEN TESTAMETARY TRUST,<br><br>      Plaintiffs,<br><br>      -against-<br><br>CLOTHING COMPANY S.p.A., BELSTAFF USA CORP., and BELSTAFF INTERNATIONAL LTD.<br><br>      Defendants. | CIV. NO. 08-3019 (LTS)(RLE)<br><br>**BELSTAFF INTERNATIONAL LTD.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br><u>**ELECTRONICALLY FILED**</u> |

# PAVIA & HARCOURT LLP

**600 MADISON AVENUE
NEW YORK, NEW YORK 10022
(212)-980-3500
(212) 980-3185 (facsimile)**

P&H - 551932.7 :14811/100

-i-

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ........................................................................................................ 2

ARGUMENT .............................................................................................................................. 3

    I.     This Court Lacks Personal Jurisdiction Under New York Law ............................ 4

    II.    The Exercise of Personal Jurisdiction Over BIL Would Not
           Comport With Due Process Because BIL Does Not Maintain
           Minimum Contacts with New York ...................................................................... 7

CONCLUSION ........................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*American Wholesalers Underwriting, Ltd. v. American Wholesale Ins. Group, Inc.*,
    312 F.Supp.2d 247 (D.Conn. 2004) .................................................................................... 2

*Arrowsmith v. United Press Int'l.*,
    320 F.2d 219 (2d Cir.1963) ................................................................................................. 4

*Bozell Group, Inc. v. Carpet Co-op of America Ass'n., Inc.*,
    2000 WL 1523282 (Oct. 11, 2000 S.D.N.Y.) .................................................................. 4-6

*Burger King Corp. v. Rudzewicz,*
    471 U.S. 462 (1985) ......................................................................................................... 7-8

*Clerc v. Cantoni, Inc.*,
    2002 WL 1482769 (S.D.N.Y. Jul. 20, 2002) ................................................................... 5-6

*Cortland Line Co. v. Vincent*,
    1999 WL 305369 (N.D.N.Y. May 7, 1999) ........................................................................ 6

*Credit Lyonnais Securities (USA), Inc. v. Alcantara*,
    183 F.3d 151 (2d Cir. 1999) ................................................................................................ 3

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
    466 U.S. 408 (1984) ............................................................................................................ 7

*Hoffritz for Cutlery, Inc. v. Amjac, Ltd.*,
    763 F.2d 55 (2d Cir. 1985) .................................................................................................. 3

*In re Ski Train Fire in Kaprun, Austria*,
    2004 WL 2674644 ............................................................................................................... 8

*International Shoe v. State of Washington*,
    326 U.S. 310 (1945) ............................................................................................................ 7

*Metropolitan Life Ins. Co. v. Robertson Ceco. Corp.*,
    84 F.3d 560 (2d Cir. 1996) .................................................................................................. 4

*NCA Holding Corp. v. Ernestus*,
    1998 WL 388562 (S.D.N.Y. July 13, 1998) ....................................................................... 8

*New World Capital Corp. v. Poole Truck Line, Inc.*,
    612 F.Supp. 166 (S.D.N.Y. 1985) ................................................................................... 5, 7

*PDK Labs, Inc. v. Friedlander*,
    103 F.3d 1105 (2d Cir.1997) ............................................................................................... 4

*Porina v. Marward Shipping Co. Ltd.*,
   421 F.3d 122 (2d Cir. 2008)...................................................................................................7

*Rollins v. People's Bank Corp.*,
   2004 WL 2725039 ...................................................................................................................8

*Time, Inc. v. Simpson*,
   2003 WL 23018890 .................................................................................................................8

*Tomra of North America, Inc. v. Environmental Products Corp.*,
   4 F.Supp.2d 90 (D.Conn.1998)..............................................................................................4

*Wiwa v. Royal Dutch Shell Petr. Co.*,
   226 F.3d 88 (2d Cir. 2000).....................................................................................................4

*World-Wide Volkswagen Corp. v. Woodson*,
   444 U.S. 286 (1980).................................................................................................................8


**STATUTES**

CPLR § 301.................................................................................................................................4-6

CPLR § 302..................................................................................................................................4, 6


**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(2) ................................................................................ 1-2

**BELSTAFF INTERNATIONAL LTD.'s MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant Belstaff International LTD ("BIL"), by its attorneys, Pavia & Harcourt LLP, respectfully requests that all claims against it be dismissed for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

**PRELIMINARY STATEMENT**

Defendant BIL requests that it be dismissed from this lawsuit on the ground that it is not subject to personal jurisdiction in this Court. As set forth more fully in the accompanying Declaration of Franco Malenotti in Support of Belstaff International, Ltd.'s Motion to Dismiss for Lack of Personal Jurisdiction ("Malenotti Dec."), BIL is a corporation organized under the laws of the United Kingdom, sells merchandise in that country only and does not have any contacts with the United States to subject it to the jurisdiction of this court.[1]

In short, BIL does not offer or sell any products in the United States nor does it have any offices, employees, agents, or bank accounts in this country, and it does not direct any advertising to the United States. Indeed, none of the factors that subject a foreign corporation to the jurisdiction of a New York court are present here.

In order to manufacture jurisdiction against BIL, plaintiffs Chadwick McQueen and the Terry McQueen Testamentary Trust ("The McQueen Heirs") contend that BIL, together with Clothing Company and Belstaff USA Corp., engaged in "manufacturing, offering for sale and selling, advertising, marketing, and distributing clothing under the label name "Steve McQueen Celebration." (Complaint, ¶ 4.) The McQueen Heirs further allege that "[o]n information and

---

[1] BIL is a separate legal entity from the two other defendants in this action – Clothing Company S.p.A. and Belstaff USA Corp. Neither of these entities contests this Court's jurisdiction, and both have answered the complaint.

belief, Defendants together design, manufacture, distribute, market, advertise, and/or sell for distribution in the United States and internationally clothing products under the brand name "Belstaff," including jackets, coats, sweaters, T-shirts, pants, and shoes, and maintain a showroom in New York City." (*Id*. at ¶ 10.)

Lumping all three companies together in the complaint as "Belstaff," however, is insufficient as a matter of law to maintain personal jurisdiction over BIL in the face of its affirmative factual denials. As the declaration of Franco Malenotti makes clear, BIL does <u>not</u> design, manufacture, distribute, market, advertise or sell anything in the United States. Moreover, the law is clear that the jurisdictional presence of one corporation does not subject its subsidiaries to jurisdiction. *See American Wholesalers Underwriting, Ltd. v. American Wholesale Ins. Group, Inc.*, 312 F.Supp.2d 247 (D.Conn. 2004) ("[m]ere ownership by a parent corporation of a subsidiary corporation present in the forum state generally will not subject the parent to personal jurisdiction in that forum ... even when the separation between parent and subsidiary is 'merely formal,' as long as it is 'real'") *quoting Savage v. Scripto-Tokai Corp.*, 147 F.Supp.2d 86, 93 (D.Conn.2001).

As a result, personal jurisdiction over BIL is not present under New York law and does not comport with due process. Accordingly, BIL should be dismissed from this action pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS

The facts relevant to this motion are set forth in the accompanying affidavit of Franco Malenotti. In summary, they are as follows:

BIL is corporation organized under the laws of the United Kingdom, with a registered office in London, England. (Malenotti Dec., ¶ 2.) BIL's business is the management of a single

"Belstaff" store in London that sells Belstaff products exclusively in the United Kingdom (*Id.*) BIL has never manufactured, distributed, imported, sold or offered to sell any products in the United States. (*Id.*, ¶ 4.) Moreover, it does not import products into the United States. (*Id.*)

In addition, BIL maintains absolutely no presence in New York or anywhere else in the United States. It has never had any office or phone number here, and has no officers, agents or employees located in the United States. (*Id.*, ¶ 5.) The company neither owns nor leases any real estate or personal property here. (*Id.*)

BIL has also not availed itself of any advantages of doing business in the United States. It is not registered to do business in any state in the United States. (*Id.*, ¶ 6.) It has no bank accounts in this country, has never applied to the United States, the State of New York or to any other state for a license or permit of any kind, and it has never been a party to any legal proceedings in federal or state courts located in the United States. (*Id.*, ¶ 8.)

Finally, BIL does not solicit any business in the United States. It has not directed any advertising or marketing efforts at the United States, and has never maintained a booth or sales presence at any trade shows in the United States. (*Id.*) In fact, BIL does not even have its own public website. (*Id.*, ¶ 7.)

## ARGUMENT

Plaintiffs bear the burden of establishing jurisdiction over BIL by a preponderance of the evidence. *Hoffritz for Cutlery, Inc. v. Amjac, Ltd.*, 763 F.2d 55, 57 (2d Cir. 1985). When a defendant tests the jurisdictional *facts* through a 12(b)(2) motion, the plaintiff must ultimately prove jurisdictional facts by a preponderance of the evidence. *See Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151 (2d Cir. 1999).

It is well established that a court may not exercise personal jurisdiction over a foreign

defendant unless two specific elements are met: <u>first</u>, the laws of the forum state provide for jurisdiction over the defendant, *Metropolitan Life Ins. Co. v. Robertson Ceco. Corp.*, 84 F.3d 560, 567 (2d Cir. 1996) *citing Savin v. Ranier*, 898 F.2d 304, 306 (2d Cir. 1990); and <u>second</u>, the exercise of personal jurisdiction is consistent with federal due process requirements. *Id.* Neither element is present here.

### I.

### THIS COURT LACKS PERSONAL JURISDICTION UNDER NEW YORK LAW

Plaintiffs assert subject matter jurisdiction under the Lanham Act and on diversity grounds. The Lanham Act does not authorize nationwide service of process, *see, e.g., Tomra of North America, Inc. v. Environmental Products Corp.*, 4 F.Supp.2d 90, 92 (D.Conn.1998) and, therefore, the Court must determine *in personam* jurisdiction over each defendant pursuant to the laws of New York, the forum state. *See PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir.1997) ("court applies the forum state's personal jurisdiction rules 'if the federal statute does not specifically provide for national service of process'") (*quoting Mareno v. Rowe*, 910 F.2d 1043, 1046 (2d Cir.1990)); *Arrowsmith v. United Press Int'l.*, 320 F.2d 219, 223 (2d Cir.1963).

Under New York law, there are two possible bases for jurisdiction over foreign corporations: CPLR §§ 301 and 302. Section 301 provides for jurisdiction over foreign entities "doing business in the state." *Wiwa v. Royal Dutch Shell Petr. Co.*, 226 F.3d 88, 95 (2d Cir. 2000). Section 302 provides that a court may exercise long-arm jurisdiction over a non-domiciliary defendant who transacted business in New York under circumstances in which each cause of action arises out of the business transacted in New York. *Bozell Group, Inc. v. Carpet Co-op of America Ass'n., Inc.*, 2000 WL 1523282 at *6 (Oct. 11, 2000 S.D.N.Y.) [*citation omitted*].

Neither of these provisions grants this Court jurisdiction over BIL.

<u>First</u>, for a foreign corporation to be to subject to the jurisdiction of New York courts pursuant to CPLR § 301, it must be deemed to be "doing business" in New York.  CPLR § 301. However, a defendant meets this standard only if the aggregate of its activity "is such that it may be said that the corporation is present in the State, not occasionally or casually, but with a fair measure of permanence or continuity."  *Bozell Group, Inc. v. Carpet Co-Op of America Ass'n., Inc.*, 2000 WL 1523282 at *5 (S.D.N.Y. Oct. 11, 2000); *quoting PaineWebber, Inc. v. WHV, Inc.*, 1995 WL 296398, *4 (S.D.N.Y. May 16, 1992).

Courts have been strict in requiring a true presence in New York to meet this jurisdictional threshold. Typical indicia of a sufficient ongoing corporate presence have included maintaining a local address and telephone number, owning or leasing property, having employees in the state, or being registered to do business in New York. *Bozell*, 2000 WL 1523282 at *5; *Clerc v. Cantoni, Inc.*, 2002 WL 1482769 at *4 (S.D.N.Y. Jul. 20, 2002).  Courts have found companies with much greater contact with New York than BIL not be "doing business" in New York for purpose of jurisdiction under CPLR §301.  *See, e.g., New World Capital Corp. v. Poole Truck Line, Inc.*, 612 F.Supp. 166, 169-72 (S.D.N.Y. 1985) (jurisdiction lacking under CPLR § 301 where defendant truck company picked up and delivered goods to New York on a daily basis, invoiced its customers a total of $9.6 million for over 300 million pounds of goods hauled into and out of New York, and whose owner and executive vice-president traveled to New York eight times in the four years prior to the commencement of the action, and occasionally solicited business in New York).

In this case, no facts exist with which even to argue that BIL does any business in New York – and certainly it does not conduct any business in this state "with a fair measure of

-5-

permanence and continuity." BIL does not have an address, telephone number, property or employees in New York and does not sell or offer for sale products in New York. As a result, BIL has no corporate presence in this state to justify jurisdiction under § 301.

Second, for long-arm jurisdiction to be present under CPLR § 302, each cause of action must arise out of business transacted in New York. *Bozell*, 2000 WL 1523282 at *5. A foreign defendant "transacts business" in New York under CPLR §302 when there is a showing of a "strong nexus" between the transaction of business in New York and plaintiff's claims. *Clerc*, 2002 WL 1482769 *4 (S.D.N.Y. Jul. 20, 2002). In other words, the foreign corporation must have "purposefully availed itself" of the opportunity to conduct business in New York and thereby benefit from the protections of New York law. *Bozell*, 2000 WL 1523282 at *5.

Incidental or sporadic contact with New York is insufficient to give rise to long-arm jurisdiction. For example, periodic trips to New York and limited phone calls are not enough for a foreign corporation to "purposefully avail itself" of the opportunity to conduct business in New York. *See Cortland Line Co. v. Vincent*, 1999 WL 305369, *3 (N.D.N.Y. May 7, 1999) (finding no jurisdiction under § 302 despite numerous telephone calls and a single trip to New York); *Clerc*, 2002 WL 1482769 *4 (S.D.N.Y. Jul. 20, 2002).

As stated, BIL's business conduct falls far short of this standard. BIL does not transact any business in New York State, has not contracted to supply goods to New York State, and does not have any contacts with the state that could give rise to tortious conduct causing injury to a person or property within New York State. (Malenotti Dec., ¶¶ 4-7.) BIL does not derive substantial revenue from interstate or international commerce because its business is done only in the United Kingdom. (Malenotti Dec., ¶ 2.) Finally, BIL cannot have reasonably expected its business activities, which are conducted only in the United Kingdom (Malenotti Dec., ¶ 4), to

-6-

have consequences in New York State.

For the above reasons, BIL is not subject to jurisdiction under New York law. Accordingly, the action against it should be dismissed.

**II.**

**THE EXERCISE OF PERSONAL JURISDICTION OVER BIL WOULD NOT COMPORT WITH DUE PROCESS BECAUSE BIL DOES NOT MAINTAIN MINIMUM CONTACTS WITH NEW YORK**

Even if there were jurisdiction under New York law (which there is not), personal jurisdiction would still not be present under the minimum contacts requirement of the Due Process clause. *International Shoe v. State of Washington*, 326 U.S. 310 (1945). As a result, dismissal for lack of personal jurisdiction is required for this reason as well.

Under the "minimum contacts" test, for general jurisdiction over a foreign defendant to comport with due process, a defendant must maintain "continuous and systematic general business" contacts with the forum state, even if the cause of action has no relation to those contacts. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414-16 (1984). Alternatively, due process is satisfied if specific jurisdiction exists "in a suit arising out of or related to the defendant's contacts with the forum." *Porina v. Marward Shipping Co. Ltd.*, 421 F.3d 122, 128 (2d Cir. 2008), *quoting Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8; *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472, 476-77, (1985).

Neither of these requirements is present here.

First, the facts above demonstrate that general jurisdiction cannot be found because BIL lacks "continuous and systematic" contacts, business or otherwise, with the state. *Helicopteros*, 466 U.S. 408, 414-16**.** Factors that are considered when assessing a defendant's contacts with the forum state for this purpose include "the revenues the defendant obtained from the forum state, if defendant employs employees in the forum state and for how long, and whether the

-7-

defendant has an office, bank account, phone number, or any property within the forum state." *In re Ski Train Fire in Kaprun, Austria*, 2004 WL 2674644 *3 (S.D.N.Y. Nov. 23, 2004) (bid on contract in Massachusetts insufficient to meet constitutional due process standard).

As stated, BIL has absolutely no presence in New York. The utter absence of any "continuous and systematic" business contacts by BIL in New York precludes the Court's maintenance of personal jurisdiction over BIL.

Second, it is also clear that BIL has not "purposefully availed" itself of the privilege of doing business in the forum state to establish specific jurisdiction. Indeed, BIL conducts all of its operations solely in the United Kingdom. (Malenotti Dec., ¶2.) As a result, it certainly cannot foresee being "haled into court" in New York. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)*.*

New York courts have held that foreign entities with more contact with New York than BIL were nevertheless not subject to suit. *See, e.g., Rollins v. People's Bank Corp.*, 2004 WL 2725039 *1, 6 (S.D.N.Y. Nov. 29, 2004) (jurisdiction lacking despite the fact that defendant responded to subpoenas from New York); *Time, Inc. v. Simpson*, 2003 WL 23018890 *7 (S.D.N.Y. Dec. 22, 2003) (solicitations into New York by a different legal entity insufficient); *NCA Holding Corp. v. Ernestus*, 1998 WL 388562 (S.D.N.Y. July 13, 1998) (personal jurisdiction cannot be founded on one meeting in New York).

BIL's lack of contacts with New York shows that it did not "purposefully avail" itself of the privilege of doing business in New York. Not only does BIL have no operations outside of the United Kingdom, it does not even advertise in New York and does not have a website. (Malenotti Dec., ¶ 7.) As a result, it cannot have foreseen that it could be "haled into court" in New York.

-9-

## **CONCLUSION**

Application of well-settled law to the facts demonstrates that BIL is not subject to personal jurisdiction in New York. For these reasons, this action should be dismissed as against BIL.

Dated: New York, New York
      May 15, 2008

Respectfully submitted,

By: /s/ Jonathan A. Selva
    Adam D. Mitzner (AD-8325)
    Jonathan A. Selva (JS-2006)

    Pavia & Harcourt LLP
    600 Madison Avenue
    New York, NY 10022
    Tel: (212) 980-3500
    Fax: (212) 980-9515
    amitzner@pavialaw.com
    jselva@pavialaw.com

    Attorneys for Defendant
    Belstaff International, Ltd.

P&H - 551932.7 :14811/100